AO 451 (Rev. 11/91 Certification of Judgment

RECEIVED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

RLI INSURANCE COMPANY

2:07mc 3356-mef

v.                                              Case Number: 04-272

BENNETT COMPOSITES, INC., ET AL.

I, <u>Michael E. Kunz</u>, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on <u>January 29, 2007</u>, as it appears in the records of this court, and that **no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure have been filed.**

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

<u>MICHAEL E. KUNZ</u>
Clerk

<u>March 1, 2007</u>
Date

Mark Ciamaichelo, Deputy Clerk

*Insert the appropriate language:..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure have been filed," ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ..."an appeal was

MMB

105

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

**SHEAK & KORZUN, P.C.**
**Deborah I. Hollander, Esq.**
1 Washington Crossing Road
Pennington, New Jersey 08534-3506
Attorneys for Plaintiff RLI Insurance Company

---

RLI INSURANCE COMPANY,

   Plaintiff,

  v.

BENNETT COMPOSITES, INC.,
CHARLES H. STEPHENS,
GARY L. BENNETT, KAY BENNETT,
and FLOY STEPHENS

   Defendants.

Civil No.: 04-272

---

## ORDER OF FINAL JUDGMENT
## AGAINST CHARLES AND FLOY STEPHENS, JOINTLY AND SEVERALLY

This matter having been opened to the court by Plaintiff RLI Insurance Company ("RLI"), by its undersigned attorneys, and it appearing that:

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332; and it further appearing that RLI and Charles and Floy Stephens having agreed to a settlement in this matter, and RLI having moved to enforce such settlement, the Court having and good cause having been shown; and

IT IS, on this 25 day of July 2006 hereby **ORDERED AND ADJUDGED** that RLI is granted final judgment against defendants Charles Stephens and Floy Stephens jointly and severally in the amount of $675,050.00, plus interest in the amount of 12% per annum on such sums

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 3-1-07

ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF PENNSYLVANIA

as shall be outstanding, calculated as -the judgment include an additional amount of $221.93 for each day between the date of October 25, 2006 and the date of entry of judgment.; plus such costs as shall be taxed by the Clerk of the Court, ~~plus any~~ *without prejudice to plaintiff seeking* costs, including attorneys' fees and collection costs as plaintiff may be incurred in the executions upon such judgment. *The Clerk shall close this case.*

The Clerk shall close this case.

**SO ORDERED:**

Hon. Michael Baylson, District Judge

Fax   Dated: 1/25/07

cc: Kreiser
    Hollander

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SHEAK & KORZUN, P.C.
**Deborah I. Hollander, Esq. - 51729**
1 Washington Crossing Road
Pennington, New Jersey 08534-3506
Attorneys for Plaintiff RLI Insurance Company

| | |
|---|---|
| **RLI INSURANCE COMPANY,** | |
| Plaintiff, | Civil No. |
| v. | |
| **BENNETT COMPOSITES, INC.,** **CHARLES H. STEPHENS,** **GARY L. BENNETT, KAY BENNETT,** and **FLOY STEPHENS** | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

The Plaintiff, RLI Insurance Company (hereinafter "RLI"), through its counsel, Sheak & Korzun, P.C. by way of complaint against the defendants, Bennett Composites, Inc., Charles H. Stephens, Gary L. Bennett, Kay Bennett and Floy Stephens states and alleges as follows:

**JURISDICTIONAL STATEMENT**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties hereto are citizens of different states and accordingly are of diverse citizenship, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs and counsel fees.

2. Plaintiff RLI is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Cleveland, Ohio. At all times relevant hereto, RLI was and is engaged in the business of suretyship.

3. Defendant Bennett Composites, Inc. ("Bennett Composites") is, upon information and belief, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 690 Keystone Drive, in Clanton, Alabama. At all times relevant

hereto, Bennett Composites was and is engaged in the business of manufacturing glass reinforced concrete panels for use in the construction of commercial buildings.

4. Defendant Charles H. Stephens is a citizen and resident of the State of Alabama with his principal place of residence at 5000 Spring Rock Road in Birmingham, Alabama.

5. Defendant Floy Stephens is a citizen and resident of the State of Alabama with an address at 5000 Spring Rock Road in Birmingham, Alabama.

6. Defendant Gary L. Bennet is a citizen and resident of the State of Alabama with an address at 3301 Afton Way in Birmingham, Alabama.

7. Defendant Kay Bennett is a citizen and resident of the State of Alabama with an address at 3301 Afton Way in Birmingham, Alabama.

8. Venue in the Eastern District of Philadelphia is proper, as this case concerns a surety's rights to indemnification and exoneration for a construction project in Bucks County, Pennsylvania. The defendants Charles H. Stevens and Bennett Composites, Inc. by execution of a document known as the Application for Performance and Payment Bonds and Indemnity Agreement (hereinafter "Application Agreement"), have consented to venue and personal jurisdiction of this action in the Eastern District of Pennsylvania.

9. Personal jurisdiction pursuant to the doctrine of supplemental jurisdiction exists over all the defendants in the Eastern District of Pennsylvania in that they executed a certain Indemnity Agreement dated October 1, 1998 (hereinafter "Indemnity Agreement") for the purpose of saving RLI harmless and indemnifying RLI from all loss and expenses in connection with the bonds executed on behalf of Bennett Composites.

## GENERAL FACTUAL BACKGROUND

1. On or about March 23, 2001, The Norwood Company, 530 Brandywine Parkway, West Chester, Pennsylvania ("Norwood") and Bennett Composites entered into a subcontract for the fabrication, delivery and erection of glass reinforced concrete ("GFRC") panels for a construction new commercial building commonly known as the 2301 Renaissance Boulevard Building, King of Prussia, Upper Merion Township, Montgomery County, Pennsylvania project (hereinafter the "Subcontract").

2. On March 30, 2001 Bennett Composites and Charles H. Stephens executed the Application Agreement and formed a "silent joint venture" to obtain bonding for a subcontract executed by Bennett Composites with Norwood for Bennett Composites to fabricate, furnish and install glass reinforced concrete panels for the 2301 Renaissance Building.

3. In conjunction, and as a prerequisite to, the issuance of Performance and Payment Bonds for Bennett Composites, on or about October 1, 1998, RLI, and each of the defendants, as corporate and individual indemnitors, entered into the Indemnity Agreement whereby the defendants agreed to exonerate, indemnify and hold harmless RLI against any and all liability for losses and/or expenses resulting from (a) the execution or procurement of the execution of the bonds; (b) the failure of the defendants to conform or comply with the covenants and conditions of the Indemnity Agreement; or (c) the enforcement of any covenants and/or conditions of the Indemnity Agreement.

4. In reliance upon the Application Agreement and the Indemnity Agreement and for other consideration, RLI executed a Performance and Payment Bond undertaking instruments of guarantee ("Bonds") on behalf of Bennett Composites with respect to the Subcontract between Bennett Composites and Norwood with Bennett Composites as principal and Norwood and Liberty Properties Trust ("Liberty") as dual-obligees.

5. The Application Agreement and the Indemnity Agreement were in full force and effect at the time of the execution and delivery of these surety bonds and are presently in full force and effect.

6. In October 2001, Norwood declared Bennett Composites in default of the Subcontract.

7. In December 2001, Norwood commenced an action against RLI in the Eastern District of Pennsylvania captioned *Norwood Company v. RLI Insurance Company,* Docket No. 01-01-CV-6153 (the "*Pennsylvania Bond Claim Action*");

8. Bennett Composites also sued Norwood and others in an Alabama State Court action in the Chilton County, Alabama captioned *Bennett Composites, Inc. v. Norwood Company, et al.* Docket No.CV2001-426 (hereinafter the "*Alabama Action*").

9. Upon information and belief, RLI avers that Charles H. Stephens and Gary L. Bennett were, shareholders and officers of Bennett Composites.

10. The claims between Bennett Composites and Norwood alleged in the Alabama Action were referred to arbitration in 2002 (hereinafter the "Arbitration"). A number of arbitration hearings took place between August and December 2003.

11. The claims asserted by Norwood against Bennett Composites in the Arbitration have also been asserted against RLI's Performance Bond in the Pennsylvania Bond Claim Action.

12. On or about January 6, 2004 the Arbitration Panel entered an award in favor of Norwood and against Bennett Composites (hereinafter "the Award").

13. The amount awarded to Norwood against Bennett Composites' for Norwood's claims on the 2301 Renaissance subcontract are $ 1,124,085.08.

14. RLI has been vigorously defending the *Pennsylvania Bond Claim Action*.

15. RLI has incurred and will continue to incur costs and expenses in the defense of the claims brought by Norwood in the Pennsylvania Bond Claim Action. So far RLI has incurred $208,090.30 in costs and has been reimbursed only $60,000.00

16. Despite notice and demands by RLI that defendants fulfill their obligations to RLI under the aforesaid Application Agreement and Indemnity Agreement, the defendants have wrongfully refused to adhere to the terms of the Application Agreement and Indemnity Agreement requiring that they indemnify and save harmless RLI against liability and/or loss sustained by RLI, or which may yet be sustained by the RLI, as a result of the claims brought by Norwood against Bennett Composites and on RLI's Performance Bond.

### COUNT ONE

1. RLI incorporates by reference the allegations of the Jurisdictional Statement, the General Factual Background and hereof as if set forth and re-alleged at length herein.
2. In accordance with the provisions set forth in the Application Agreement and the Indemnity Agreement, defendants are liable to RLI for any and all fees, costs and expenses incurred to date and any prospective cost, fees and expenses and liability arising from the surety in discharge of its bond by RLI.
3. RLI has provided Bennett Composites, Gary L. Bennett and Charles H. Stephens with detailed statements of the fees, costs and expenses it has incurred in defending the Pennsylvania Bond Claim Action.
4. At the request of Alabama counsel for Bennett Composites, Gary L. Bennett, Charles H. Stephens and defendants personally, RLI has provided Bennett Composites with copies of documents obtained in the Pennsylvania Bond Claims Action, data bases, digests, legal research, deposition transcripts, briefs and the like.
5. Upon information and belief, the fees, costs and expenses incurred by RLI in defending the Pennsylvania Bond Claim Action were asserted by Bennett Composites as a proper and just claim in the Arbitration.

6. Prior to August 2003, Charles H. Stephens paid RLI $60,000 towards indemnifying RLI for its expenditures in defending the Pennsylvania Bond Claims Action. However, these payments ceased in August 2003 and, despite demand, have not been resumed.

**WHEREFORE**, RLI Insurance Company prays this Honorable Court to:

(1) Enter judgment that defendants are jointly and severally liable to RLI for any and all amounts paid in satisfaction of its bond obligations and all losses, costs and expenses, attorneys' fees and consultants' fees incurred by RLI in connection therewith and to set the amount thereof; and to

(2) Grant such other relief as this Honorable Court may deem to be just and equitable under the circumstances.

### JURY DEMAND

A jury is hereby demanded on all issues so triable.

SHEAK & KORZUN, P.C.
Attorneys for RLI Insurance Company

Dated:                          By: _____
                                    Deborah I. Hollander, Esq.